## Jones *against* Lewis.

Notice directed to an endorser may be deposited in the post-office at which he receives his letters and newspapers, if he do not live in the post-town or at any other place as convenient to the holder.

ERROR to the District Court of *Allegheny* county.

This action was brought by E. Jones & Co., endorsers of a promissory note drawn by F. R. Smith, on the 2d of July 1842, for $143, payable to the order of A. Kirk Lewis, the defendant, at six months, and endorsed by him to the plaintiffs, who deposited it in bank for collection. Being unpaid at maturity, it was put into the hands of a notary for protest, and protested by him, after demand of payment from the drawer, notice of which was deposited by him in the post-office at Pittsburgh, directed to the defendant, who lived beyond the Monongahela river, contiguous to, but out of the city limits, but who kept a box and received his letters and newspapers at the city post-office, which happened to be the nearest one to his residence. The court before whom the cause was tried directed: " That putting a notice of protest into the post-office where it is not to be conveyed by mail to the town or place where the endorser resides, but when, as in the present case, the endorser resides within a mile of the notary, and in sight of the town or city where the post-office is situated, is not of itself sufficient evidence to fix the endorser."

*Washington*, for plaintiff in error, relied on 1 *Peters* 33, 578; 9 *Wheaton* 581; 11 *Wheaton* 438.

*Robb*, for defendant in error, relied on 11 *Johns.* 187, 231; 20 *Johns.* 382.

The opinion of the Court was delivered by

GIBSON, C. J.—The rule is, that notice must be served on the person, or left at his dwelling or place of business: the exception to it is that it may be transmitted through the post-office when there is a violent probability that it will reach him in the regular course of the mail. But this exception is insufficient to admit of a deposit in the post-office of notice to an endorser who lives in the post-town, or the town inhabited by the holder. The post-office is an interdicted medium of communication with such an endorser, not because it is essentially an active agent of transmission, but because the use of it is permitted not only when it is sure in its results, but also a convenience to the holder. It is per-

mitted, not as a medium of notice provided by the government, but as an indulgence consisting with safety to all parties: it is interdicted when there is nothing to be gained by indulgence, and where it is just as convenient and safe for the holder to leave the notice at the endorser's dwelling or counting-house. When it is said, as it was by Mr Justice Martin in *Laporte* v. *Landry* (5 *Louisiana Rep. N. S.* 359), that the post-office is not a legal place of deposit for notices, it is to be intended that the party to be affected lives in the same town. Had this endorser resided in Pittsburgh, it is certain that notice through the post-office would not have affected him unless it had been shown to have come to hand in due season; but he resided in the country, and the Pittsburgh office was not only the nearest one to his residence, but the one from which he received his letters and newspapers, and he was consequently within the reason of the exception. Constructive notice is founded on a violent probability of actual notice; and the presumption that a letter will come to hand, is, to say the least, as violent when it has been deposited in the nearest post-office as when it has been mailed in the most remote part of the United States. In the first case it is sure not to miscarry in the transit, for there is to be none; and there is less danger that it will find its way as a dead letter into the catacombs of the general post-office. Yet had this notice miscarried in a transit by mail, whether from the distant city of New Orleans or the conterminous city of Allegheny, it would equally have been constructive notice, which, like the registry of a deed, is not merely *primâ facie* evidence, but conclusive; and it seems to me that to affect the endorser with it by a transit and not by a deposit, would be an arbitrary regulation and a distinction without a difference. A notice dropped into the post-office nearest his residence would be almost sure to reach him; and when he lives out of town, the case would seem to fall within the reason for transmission by mail. True it is, that as a postmaster is not entitled to demand postage on a deposit, it is not his duty to deliver it; but it is not the less certain that he will deliver it, though the artificial presumption in favour of duty, it must be admitted, is not so strong. The commercial law, founded as it is on usage, and dealing with realities instead of suppositions, is eminently practical; and it is notorious that postmasters deliver deposited letters as regularly as they do the contents of the mails. Such is the actual course of the post-office. The letter-carriers are regularly charged with the delivery of them, or they are delivered to those who call; and though the postmaster's services in respect to them are gratuitous, they are not the less regularly rendered. No judge has said that the post-office is not a legal place of deposit where the endorser lives in the country, or at such a distance as would make the employment of a special messenger burthensome. *Ransom* v. *Mack* (2 *Hill's R.* 190), was the case of a notice sent, by the active

[Jones v. Lewis.]

agency of the mail, from one post-office to another; and it was held to have been mis-sent only because it was not directed to the post-office nearest to the residence. That was a different case in every particular. On the other hand, the very point was ruled to the contrary, but only in a single case. In *The Bank of Columbia* v. *Lawrence* (1 *Peters R.* 580), a notice put into the post-office at Georgetown and addressed to the endorser at that place, was held to affect him because that post-office was the nearest one to his residence in the country, and that at which he received communications by mail, though he had a place of business at Washington to which it might have been sent. We have authority as well as reason, therefore, for saying that the evidence of notice in this instance was sufficient.

Judgment reversed and *venire de novo* awarded.