# R. W. Desilver, for use, *versus* The State Mutual Insurance Company.
## Same *versus* Same.

*Conditions annexed to Policy of Insurance.— Waiver of Notice required by the Contract*

1. Conditions annexed to a policy of insurance, have the same effect as if they were incorporated in the policy.

2. Under a condition in a policy requiring that "all persons insured and sustaining loss by fire shall forthwith give notice to the company," and as soon thereafter as possible "deliver a particular account of such loss, signed with their own hands and verified by oath or affirmation," a waiver by an agent of the company of notice of the *loss*, does not include a waiver of the *particular account* or *proofs*, required to be furnished.

ERROR to the District Court of *Philadelphia county.*

These were actions on the case, brought by R. Wilson Desilver, to the use of Robert J. Hemphill, against The State Mutual Insurance Company. The declarations were in *assumpsit* on policies of insurance in the usual form, to which the

[Desilver v. The State Mutual Insurance Co.]

defendants pleaded the general issue, with several special pleas, one of which negatived the averments in the *narr.*, "that the plaintiff delivered to the defendants an account of the said loss and damage, and in all other respects complied with the provisions, terms, by-laws, and conditions of the said policy, on his part to be performed;" and one other of which negatived the averment in the *narr.*, "that the defendants dispensed with and waived all the proofs, declarations, and certificates required by the said policy, or necessary before instituting the suit." To which said pleas the plaintiff replied, joining issue.

On the trial the plaintiff gave in evidence the policies declared on, which covered his interest in a brick dwelling-house in Duke street, Philadelphia, and which, with other policies, had been assigned to Mr. Hemphill. To these policies there were certain conditions attached, among which was the following:

"9. All persons insured by this company, and sustaining loss by fire, are forthwith to give notice to the company; and as soon after as possible to deliver a particular account of such loss, signed with their own hands, and verified by their oath or affirmation; and also, if required, shall produce their books of account and other proper vouchers; they shall also declare, on oath, whether any, and what other insurance has been made on the same property; what was the whole value of the subject insured; what was their interest therein; in what general manner (as to trade, manufactory, merchandise, or otherwise) the building insured or containing the subject insured, and the several parts thereof, were occupied at the time of the loss, and who were the occupants of such building; and when and how the fire originated, so far as they know or believe; and procure a certificate under the hand of a magistrate, or notary public (most contiguous to the place of the fire, and not concerned in the loss, or related to the insured or sufferers), that he is acquainted with the character and circumstances of the person or persons insured, and has made diligent inquiry into the facts set forth in their statement, and knows or verily believes that he, she, or they, really and by misfortune, and without fraud or evil practice, hath or have sustained by such fire, loss and damage to the amount therein mentioned; and until such proofs, declarations, and certificates are produced, the loss shall not be deemed payable."

The plaintiff proved also the destruction of this property by fire, and that the following notice had been given to the company by Mr. Hadder, a book-keeper of the plaintiff: "I went to the premises in Richmond on the 21st of February 1852. This was one or two days after the fire. I came right down, and went on the same day to the office of the insurance company, and saw Mr. Coggshall (a member of the firm of Gillett & Coggshall, who were the Philadelphia agents of the company), and told him of the fire. He said he was already aware of it. Mr. Hemphill

[Desilver *v.* The State Mutual Insurance Co.]

accompanied me to Richmond and to the insurance office. Mr. Hemphill asked Mr. Coggshall if he would send a person up to see the premises. I don't distinctly recollect his answer; but it was either that he had sent, or that he would send. Mr. Hemphill asked him if he wished any further notice, or whether that would be sufficient. He said no, that no further notice was necessary. That was distinctly said. I think Mr. Hemphill asked him the second time as to notice, and he gave the same reply again."

The plaintiff contended that this amounted to a waiver by the company of the notice, and the proofs, declarations, and certificates mentioned in the foregoing condition; or, at least, that it was some evidence of a waiver which should go to the jury. But the learned judge of the District Court directed a judgment of nonsuit to be entered, and refused, on motion, to take it off. Whereupon the plaintiff sued out this writ, assigning for error that

1. The court below erred in directing a nonsuit, and in not allowing the evidence to go to the jury.

2. There was *some* evidence of a waiver, and this should have been left to the jury to give it such effect as they might deem proper.

*Constant Guillou* and *William A. Porter*, for plaintiff in error. —The condition requiring notice to the company has always been liberally construed, and was intended only to furnish reasonable proof to insurers that a loss has happened, for which, under the terms of the policy, they might be liable: 2 Johnson 136; 8 Id. 317; 11 Id. 260. The effect of the answer, that "no further notice was necessary," was to lull the insured into security. This was for the jury.

An endorser may waive notice of non-payment: Brittain *v.* Doylestown Bank, 5 W. & S. 87. See also, Brett *v.* Levett, 13 East 213, and the cases cited in Trask *v.* The State Fire and Marine Ins. Co., 5 Casey 199. Waiver may be inferred from the conduct of the parties, and should be submitted to the jury: Inland Ins. Co. *v.* Stauffer, 9 Casey 397. A stipulation capable of two interpretations should be interpreted most favourably to the assured: Western Ins. Co. *v.* Cropper, 8 Casey 351. If the notice were insufficient, it should have been objected to when given: Vos *v.* Robinson, 9 Johnson 192; 6 Cowen 404, 415. The condition should be held to impose only due diligence under all the circumstances of the case: Inman *v.* Western Ins. Co., 12 Wendell 452. Equity will dispense with a portion of the forms of a contract, if it can find any reliable substitute for them in the principle that cures a defective execution of powers where the intention to execute is sufficiently plain: Meyers *v.* Insurance Co., 3 Casey 270.

[Desilver *v.* The State Mutual Insurance Co.]

*John B. Gest*, for defendants in error.—The furnishing the proofs and certificates required by the conditions annexed to the policy, is a condition precedent to the payment of a loss, and must be literally complied with: Angell on Insurance, §§ 224, 225, 226; Marshall on Insurance 707; Columbia Ins. Co. *v.* Lawrence, 10 Peters 507; Klein *v.* Franklin Ins. Co., 1 Harris 247; Trask *v.* Ins. Co, 5 Casey 198; Inland Ins. Co. *v.* Stauffer, 9 Casey 403. The conditions attached to a policy of insurance are as much a part of it as if incorporated into the policy itself: Fire Association *v.* Williamson, 2 Casey 196. The question of preliminary proof, whether sufficient or not, is for the court and not for the jury: Klein *v.* Franklin Ins. Co., 1 Harris 247. There was no pretence that the proofs required by the condition were produced, or that anything in the nature of such proofs was ever prepared; there was, therefore, no case to submit to the jury.

It is not denied that the furnishing of the requisite proofs may be waived by the company, through its officers, authorized so to bind the company. The plaintiffs were bound to make out the affirmative of one of two issues; namely, either that they had furnished the sworn statement required by the condition and the certificate of the magistrate, or that the company had waived and dispensed with the furnishing thereof. The whole argument of the plaintiffs entirely confounds two perfectly distinct things; namely, the giving *notice* of the fire and the furnishing of the *proofs*. There was not a tittle of evidence given as to the latter of these, and the court was right therefore in directing the nonsuit, unless the evidence of Hadder was evidence of a waiver by defendants. But notice of the fact of the loss was all that was waived. The cases of Trask *v.* The State Fire and Marine Ins. Co., in 5 Casey, and the Inland Ins. Co. *v.* Stauffer, 9 Casey, are not in point.

The opinion of the court was delivered, January 17th 1861, by
THOMPSON, J.—It has long been settled, that the conditions annexed to a policy of insurance, have the same effect as if they were incorporated in the policy itself: Fire Association *v.* Williamson, 2 Casey 196; Trask *v.* The State Mutual, 5 Id. 198; Inland Ins. Co. *v.* Stauffer, 9 Id. 369. A like rule exists in England, and in most of the states of the Union. In this case this was supposed to be so, for the *narr.* contained an averment of notice to the company of the fire, also an account rendered of the loss, as required by the conditions of insurance.

On the trial, the plaintiff relied on supporting these averments by proof of a waiver of notice by an agent of the company. The defendants raised no question as to the authority of the agent to waive notice of the fire, and did not contest the fact

[Desilver *v.* The State Mutual Insurance Co.]

that he had done so.  But they insisted that his waiver went no farther, and did not include a waiver of the requirement to furnish the statement of the loss, as further required in the 9th condition annexed to the policy.  That condition requires "that all persons insured and sustaining loss by fire, shall forthwith give notice to the company."  This is the preliminary notice to be given, and is conceded to have been waived.  But then follows "and as soon after as possible, to deliver a particular account of such loss, signed with their own hands, and verified by oath or affirmation," in which is to be set forth any other insurance of the property, the value of the subject insured, the interest of the insured therein, the occupants of the building, and how and where the fire originated; to which is to be attached the certificate of a magistrate or notary, "that he is acquainted with the character and circumstances of the insured, and has made diligent inquiry into the facts set forth in their statement, and that he verily believes that the loss was by misfortune, and not by fraud."  And it is further stipulated that, "until such proofs, declarations, and certificates are produced, the loss shall not be deemed payable; and that any false swearing in the statement shall work a forfeiture of all claim under the policy."

This statement was not furnished by the plaintiff, but it was claimed to have been waived by the agent of the company.  I think it is perfectly apparent from the evidence, that this assumption was without foundation.  The object of the party who gave the notice of the fire, in the present instance, was simply to let the company know that it had occurred.  This was done orally, and in the ordinary way of communicating such an occurrence.  The witness says, "I came right down, and went on the same day to the office of the insurance company, and saw Mr. Coggshall, and told him of the fire.  He said he was already aware of it.  Mr. Hemphill asked him if he wished any further notice, or whether that would be sufficient?  He said no, that no further notice was necessary.  This was distinctly said."  It is apparent that it was about the notice of the occurrence of the fire, the parties were talking and had in view in the conversation given.  A waiver must be intentional, and that must be shown clearly and satisfactorily, either by acts or declarations.  Nothing was said about the manner of the occurrence of the fire; the extent of the loss; the required statement on oath of the insured; the superadded certificate of the magistrate or notary, so as to lay any foundation for the supposition that this statement was dispensed with and waived.  The facts to be contained in this statement are called *proofs* of loss in the condition, not notice.  Upon them the company often adjudge and pay losses.  Always indeed, unless there be reason to doubt their accuracy or suspicion of fraud in producing the loss.  To waive them would be to

[Desilver *v.* The State Mutual Insurance Co.]

dispense with all forms of proof, and a payment of the loss on such footing, would be without vouchers, simply on the say-so of the insured. No company could stand long on such practice. Such a waiver cannot be pretended here.

But we think it needless to multiply words in so plain a matter. It was therefore proper, on part of the court below, to interpret the testimony as they did, and in doing so, it was also proper to award nonsuits; the plaintiff not being ·entitled to recover, for want of compliance with the 9th condition attached in the policy, which requires particular statements of the loss, verified by oath of the party insured, and authenticated in the manner above stated. There was no error, therefore, in directing nonsuits in both these cases.

Judgments affirmed.