## Tanner *versus* Hughes and Kincaid.

53　289
f193　191

1. A legal presumption is the conclusion of the law of the existence of one fact from others in proof, and is binding primâ facie on the jury till disproved.

2. It is error to instruct a jury that the *law* presumes that a note mailed to a party at a place where he usually receives his letters and transacts his business, was received by him.

ERROR to the Court of Common Pleas of *Greene county.*

This was an action of assumpsit by James P. Tanner against James Hughes and William M. Kincaid, trading as Hughes & Kincaid, to recover the amount of a bill of goods sold to the defendants by the plaintiff.

The plaintiff was a merchant in Pittsburgh and the defendants merchants at Windridge, Greene county. On the 11th of October the plaintiff sold to the defendants a bill of goods amounting to $582.30, on four months' credit. At the time of the sale it was arranged that the invoice of the goods together with a note for the signature of the defendants was to be forwarded to them. The invoice and note were sent to defendants, and there was evi-

3 P. F. SMITH—19

[Tanner *v.* Hughes.]

dence that the note was signed by them and enclosed in a letter addressed to the plaintiff at his place of business at Pittsburgh. On the trial the defendants alleged payment and as proof of it produced the note, with their name erased from it. The plaintiff gave evidence to show that the note was never received by him from the defendants, and that the goods had not been paid for.

There was much other testimony on the question of payment. The point upon which the Supreme Court decided the case makes it unnecessary to give more than is given above.

The defendants submitted a number of points, the 1st of which was : " If the jury believe that the defendants signed the note of October 14th 1863, for the bill of goods for which this suit is brought, and placed the same, by the hand of Valentine Nichols, in the post-office at Jefferson, Greene county, Pa., directed to ' James P. Tanner, Pittsburgh, Pa.,' the place where he usually receives his letters and transacts his business, the law presumes it was received by Mr. Tanner, by due course of mail, and being so in possession of Mr. Tanner and now found in the possession of the defendants, it is evidence of the payment of the note by defendants to the plaintiff and the plaintiff cannot recover."

This was affirmed by the court (Gilmore, P. J.), and the verdict was for the defendants. The affirmance was assigned for error.

*Downey & Wyly* and *Buchanan*, for plaintiff in error, cited Ireland *v.* Kip, 11 Johns. R. 232 ; Smedes *v.* Utica Bank, 20 Id. 385 ; 1 Parsons on Cont. 407 ; Dunlap *v.* Higgins, 1 House of Lords Cases 381 ; Jones *v.* Lewis, 8 W. & S. 15 ; Greenfield Bank *v.* Craft, 4 Allen 447.

*Black, Phelan & Purman*, for defendants in error, cited Jones *v.* Lewis, 8 W. & S. 15 ; Smith *v.* Bank of Washington, 5 S. & R. 322 ; Weakly *v.* Bell, 9 Watts 273 ; 1 Greenl. on Ev. § 40.

The opinion of the court was delivered, January 7th 1867, by

AGNEW, J.—The learned judge in the court below fell into an error in affirming the 1st point of the defendants that the *law* presumes a note mailed to the plaintiff at a place where he usually receives his letters and transacts his business, was received by him by due course of mail. A strong probability of its receipt may arise, and as a fact, in connection with the other circumstances, it was right to refer it to the jury. But in their hands it became not a *legal* presumption binding on them as a rule of law but only a natural probability, as it is termed ; that is an inference of fact of the probability of the actual receipt, by mail, of the letter containing the note, arising from all the circumstances

[Tanner *v.* Hughes.]

in evidence. A legal presumption is the conclusion of the law itself of the existence of one fact from others in proof, and is binding on the jury, primâ facie till disproved, or conclusively, just as the law adopts the one or the other as the effect of proof. The learned judge was, no doubt, misled by the generality of the language of Mr. Greenleaf, in his Treatise upon Evidence, in relation to letters sent by mail, Vol. 1, § 40. But the authorities cited by him for the statement all refer to notice of the dishonor of bills or non-payment of notes. The necessity of notice of non-acceptance or non-payment and the inconvenience of giving it by special messenger to those residing at a distance, led to the adoption of the post by commercial usage which has settled into law. Hence the remark of the late C. J. Gibson, in Jones *v.* Lewis, 8 W. & S. 15, that no judge has said the post-office is not a legal place of deposit when the endorser lives in the country or at such distance as would make the employment of a special messenger burdensome.

But that this rule is the mere creature of commercial usage and not the result of the general principles of conduct which lie at the foundation of legal conclusions, is rendered palpable by his admission in that case that notice by deposit in the post-office to one living in the same city is insufficient. This was expressly decided at the same term in Kramer *v.* McDowell, 8 W. & S. 138. There is another class of cases where, by the acts of the parties, the mail is made the vehicle of their communications, as where a proposition by mail is accepted by the same channel. But by no law of the United States in reference to the mails or of the state is the post made a legal channel of communication which a party may adopt and make compulsory upon his correspondent. It was error, therefore, to hold that the *law* concludes that the note was received by the plaintiff, from the mere fact of a deposit of it in a letter mailed at a distant office, directed to him at the place where he usually received his letters and transacted his business. The purpose here was to show payment of the note. This was done by the production of the note itself, without a receipt or mark of payment or cancellation upon it, and without any evidence of its delivery to the plaintiff except the deposit in the mail. Payment was, therefore, to be proved by a double presumption at law, first, the legal presumption of delivery from the deposit in the post-office, and, secondly, the presumption of its return into the hands of the drawers by delivery on payment.

Now, while the facts, when all collected by the jury, might have satisfied them that the note was actually in the possession of the plaintiff, by receipt through the mail, and found its way back into the hands of the defendants by their payment of it; it certainly was erroneous to instruct them that the possession of the

[Tanner *v.* Hughes.]

note by the plaintiff was a conclusion of law from the fact of mailing it to him.

The judgment is therefore reversed, and a *venire facias de novo* awarded.