# Beeman, Appellant, v. Supreme Lodge, Shield of Honor.

*Evidence—Presumption—Mailing of letter—Receipt of letter.*

The presumption that a letter mailed in the morning and addressed to a
person in the same city, will be delivered on the same day, is overcome by
the evidence of the person addressed that he did not receive the letter on
that day, supported by testimony of the letter carrier that the letter by
its postmark showed that it was not received at the post office until three
hours after the last delivery, and that in the usual course of mail it would
not be delivered until the following morning.

*Beneficial associations—Payment of dues—Payment by mail—Forfeiture of
membership.*

Where the by-laws of a beneficial association provide that "each mem-
ber shall pay the amount according to age, as per table, and any member
failing to pay same before the last meeting night of each month shall stand

suspended from the order and all benefits therefrom," payment by cash mailed on the last day of the month, but not received by the association until the following day, is not a payment within the meaning of the by-law, and failure to make the payment within the time prescribed works a suspension of the member without any action on the part of the association.

*Beneficial associations—Forfeiture of membership—By-laws—Remedy.*

Where the by-laws of a beneficial association provide that in case of a dispute about suspension or expulsion, no suit shall be brought against the association until "the remedies and means of redress" provided by the association shall be exhausted, a beneficiary cannot maintain a suit against the association, where it appears that neither the member nor the beneficiary sought in any way to avail himself of the remedies and means of redress provided by the association. Such by-laws are binding upon the association and its members.

Argued March 26, 1906. Appeal, No. 85, Jan. T., 1906, by plaintiff, from judgment of Superior Ct., Oct. T., 1905, No. 77, reversing judgment of C. P. No. 2, Phila. Co., Sept. T., 1903, No. 3,054, on verdict for plaintiff in case of Diana Beeman v. Supreme Lodge, Shield of Honor. Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from Superior Court.

The facts are stated in the opinion of the Supreme Court and by the report of the case in 29 Pa. Superior Ct. 387.

*Error assigned* was the decree of the Superior Court.

*Ardemus Stewart*, with him *Rome J. Moorhead* and *Harry S. Ambler, Jr.*, for appellant.

*Robert J. Byron*, with him *Edmund W. Kirby*, for appellee.

OPINION BY MR. JUSTICE ELKIN, June 27, 1906:

The first question to be determined on this appeal is whether there was sufficient evidence to submit to the jury as to the payment of the assessment at the time required by the rules of the society. The plaintiff testified at the trial that she deposited in the mail about nine o'clock in the morning in the city of Philadelphia, a letter containing a sufficient amount of money to pay the assessment, which could be paid any time during that day. It is therefore contended that this is sufficient

to raise a presumption of payment under the rule which holds that the depositing in the post office of a properly addressed letter with prepaid postage raises a natural presumption, founded in common experience, that it reached its destination by due course of mail: Susquehanna Mutual Fire Insurance Company v. Tunkhannock Toy Co., 97 Pa. 424; Folsom v. Cook, 115 Pa. 539; Whitmore v. Insurance Co., 148 Pa. 405; Jensen v. McCorkell, 154 Pa. 323; Neubert v. Armstrong Water Company, 211 Pa. 582. In these cases it was held that the mailing of the letter is prima facie evidence that it was received by the person to whom it was addressed, but that the prima facie proof may be rebutted by evidence showing that it was not so received. Under this rule the presumption fairly arises that a letter mailed in the city of Philadelphia at or before nine o'clock in the morning would reach the person to whom it was addressed, living in the same city, by due course of mail the same day. It must not be overlooked, however, that this is only a presumption which may always be rebutted by evidence showing that it was not so received. The financial secretary testified that when he left home at 8 P. M. on the day the letter was said to have been mailed, it had not yet reached his residence, to which the letter had been addressed. He reported the nonpayment of the assessment to the society, when the usual question was asked whether anyone present would pay the assessment for the delinquent member. No one volunteering to do so he was reported suspended, notice of which suspension was given the delinquent member and the amount of the assessment returned to him. As to the nondelivery of the letter the same day it was mailed, the financial secretary is corroborated by Shaw, the letter carrier, who being shown the envelope testified that the letter was not received at Station C until 8 P. M. of March 30, three hours after the last delivery from that station, and in the usual course of mail would not be delivered until the following morning. It was not delivered the next morning until the financial secretary had left his home, and he did not receive it until his return in the evening. The undisputed testimony leaves no doubt as to these facts. They are sufficient to rebut the presumption of payment on March 30th. McSparran v. Insurance Company, 193 Pa. 184, rules the case in this respect. It was there held

that the prima facie evidence of the receipt of the letter by due course of mail was fully rebutted by the post mark on the envelope showing that the letter had not been received until several weeks after it had been mailed. It is attempted to distinguish that case from the one at bar by the fact that the envelope in the present case was not introduced in evidence. This objection is too technical to be convincing. While no formal offer was made introducing the envelope in evidence, yet it was identified and shown to the letter carrier, who recognized the post mark and testified the hour when it was received at the sub-station too late to be delivered that day. There can be no doubt about these being the facts, and they are sufficient to rebut the presumption that the letter was delivered on the day it was mailed.

The Superior Court in reversing the judgment of the common pleas held that as Beeman did not follow the method pointed out by the by-laws to secure his reinstatement in the lodge, and as the beneficiary likewise did not adopt such method upon the refusal of the lodge to pay the death benefits, the present action cannot be maintained. The ruling in this respect is based upon sections 165 and 398 of the by-laws of the defendant society. We do not see how there can be any escape from this position. In Black & White Smiths' Society v. Vandyke, 2 Whart. 309, Mr. Justice GIBSON, in discussing this question, said : " Into the regularity of these proceedings, it is not permitted us to look. The sentence of the society, acting in a judicial capacity and with undoubted jurisdiction of the subject-matter, is not to be questioned collaterally, while it remains unreversed by superior authority. If the plaintiff had been expelled irregularly he has a remedy by mandamus to restore him. But neither by mandamus nor action can the merits of his expulsion be re-examined. He stands convicted by the sentence of a tribunal of his own choice, which, like an award of arbitrators, concludes him." To the same effect is Commonwealth ex rel. Bryan v. Pike Beneficial Society, 8 W. & S. 247 ; Society v. Commonwealth, 52 Pa. 125 ; Commonwealth v. Union League, 135 Pa. 301. The learned counsel for appellant recognizes the force of this position, but insists that it is in the nature of a plea in abatement and should have been specially pleaded in the court below. We think the pleadings

fairly raised this as well as the other questions before us on this appeal. One of the conditions of membership upon which the benefit certificate was issued provides "that the said member complies in the future with the laws, rules and regulations now governing said lodge and fund, or that may hereafter be enacted by the Supreme Lodge to govern said lodge and fund." The defendant society having given notice of special matter in addition to the plea of the general issue non assumpsit, was entitled to present evidence upon all matters set up or which were material and relevant to the issue. The laws, rules and regulations of the order having been offered in evidence, and being upon the record, it is competent for the court to pass upon all the questions raised under them. The by-laws provided a method by which the member could compel the lodge to reinstate him, and also a method by which the widow could enforce her claim to death benefits. The mode pointed out was not followed, and hence the present action cannot be maintained. The by-law in question does not deprive the beneficiary of her right to enforce her claim in a court of law, but provides that before any suit at law or in equity shall be instituted, the remedies provided by the society shall first be exhausted. This is a reasonable regulation for the settlement of disputes arising in the society, and under the cases above cited is binding upon the members.

The reasons above stated being fatal to the claim of the appellant, it will not be necessary to discuss other questions raised by the specifications of error.

Judgment affirmed.