## Edelson v. American Employers' Insurance Company.

*Automobile insurance—Accident—Notice—Effect of mailing letter.*

1. On the trial of a suit on an automobile insurance policy, it appeared that the policy provided for "immediate written notice" with full particulars, and that the insured had had an accident while motoring in Florida on March 2nd, but proceeded to motor North, and soon after his arrival at his home at Lancaster, Pennsylvania, notified a former agent of the company, who no longer represented it, but who testified that he had immediately mailed a notice to the company's office in Philadelphia. The company's officials denied ever having received such notice, but on April 27th, the former agent telephoned to the company's office and an adjuster was sent to Lancaster the next day. It was not shown how full a detailed account of the accident was given to the company. The case was submitted to the jury on the questions of whether damage was shown and whether notice was given within a reasonable time, and the verdict was for the plaintiff. On rule for judgment *n. o. v.*: *Held*, that the rule should be sustained and judgment entered for the defendant *n. o. v.* for insufficient proof of notice.

2. It is not the sending of a letter, but its receipt, that constitutes notice, except as to commercial paper. The mailing of a letter in proper form is *prima facie* evidence of its receipt, which may be rebutted by evidence to the contrary.

Rules for a new trial and for judgment for defendant *n. o. v.* C. P. Lancaster Co., Aug. T., 1925, No. 57.

*K. L. Shirk* and *John A. Coyle*, for rules.

*Harold G. Ripple* and *John E. Malone*, contra.

LANDIS, P. J., Jan. 15, 1927.—A verdict for the plaintiff having been rendered by the jury on the facts disputed, the case must be considered from that standpoint, and we must now ascertain whether the claim has a·substantial ground upon which to rest, considering that the plaintiff's contention constitutes a firm basis.

It is admitted that the plaintiff secured from the defendant company a policy of insurance on his Cadillac automobile, whereby the defendant com-

pany agreed to pay the assured for actual loss by reason of injury to or destruction of the same, if caused by accidental collision during the period covered by the policy. The first point, therefore, which was submitted to the jury was whether or not there was an accident, whereby the plaintiff's car was injured. This question was found in favor of the plaintiff. It was thereby determined that, on Feb. 13, 1925, while on Flagler Avenue, in the City of Miami, in the State of Florida, the car was struck by a truck and injured to a considerable degree.

The policy provided that, "upon the occurrence of any accident covered by this endorsement, the assured shall give *immediate written notice* thereof, with the fullest information obtainable at the time, to the corporation's home office at Boston, Mass., or to the corporation's authorized agent. If a claim is made on account of such accident, the assured shall give like notice thereof with full particulars. The assured shall at all times render to the corporation all co-operation and assistance in their power." The plaintiff's evidence was that, soon after the accident, the plaintiff motored under his own power out of Miami and came north; that a short time after he arrived in Lancaster, he saw Warren W. Worrest, who had been the agent of the defendant company, but was not at that time; and that Mr. Worrest, as agent of the plaintiff and not acting in any wise for the defendant company, wrote to the company's agent in Philadelphia. This letter, it was said, bore the date March 2, 1925, and read as follows:

"Re-Policy No. 4567.          Harry Edelson.

"I am enclosing herewith a report of a collision which the above assured had.

"He has taken his machine to the Shutte Body Company, where the body on same was built, but will not order them to go ahead with the repairs until the 5th.

"If I do not receive a telegram from you till that date advising against same, I will order him to go ahead with the repairs.

"Hoping that the above will prove satisfactory, I remain,
                    "Yours truly."

Mr. Worrest testified that he wrote such a letter, directed to the American Employers' Insurance Company, No. 311 Walnut Street, Philadelphia, Pa., which was the office of the company's agent, but received no reply. The report of the collision mentioned in the letter, or a copy of the same, was not offered in evidence, and what it contained was not shown in the testimony. The agent of the defendant company at the office in Philadelphia denied the receipt of any such letter. The court charged the jury that "the first thing for the jury to settle is whether there was an accident in which the automobile was injured. If there was, you must determine whether or not the notice was promptly given within the terms of the policy. You have heard the testimony on both sides, and you must decide between them. If you answer that there was no accident, or that the notice required was not promptly given, that is, it was not given until April 27, 1925, then your verdict must be for the defendant. If you answer that there was an accident and that proper notice was given with a fair degree of promptness on March 2nd, when he returned home, then you will proceed to ascertain what damages the plaintiff sustained by reason of that accident."

"The requirement in a policy of automobile liability insurance that, upon occurrence of an accident, the insured shall give immediate written notice thereof to the insurer, is to be construed as requiring such notice to be given

Edelson v. American Employers' Insurance Company.

within a reasonable time, having regard to all the circumstances:" Berry on Law of Automobiles, § 1820, page 1547. The court is justified in ruling, as a matter of law, that the notice has not been given in time only where the admitted facts and circumstances disclose nothing by way of extenuation or excuse: Hughes v. Central Accident Ins. Co., 222 Pa. 462; Edelson v. Norwich Union Fire Ins. Co., 59 Pa. Superior Ct. 379; Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456.

As to the effect of depositing a letter in the mails, the cases are numerous. In McSparran v. The Southern Mutual Ins. Co., 193 Pa. 184, Mr. Justice Mitchell, delivering the opinion of the court, said: "Notice is knowledge or information legally equivalent to knowledge, brought home to the party notified in immediate connection with the subject to which the notice relates. It is not, therefore, the sending but the receipt of a letter that will constitute notice, and there is no presumption of law that a letter mailed has been received. . . . In Tanner v. Hughes & Kincaid, 53 Pa. 289, it was held that the only cases in which there is a legal presumption of receipt are those concerned with notice of dishonor of bills or non-payment of notes, and that this laxity grew up by commercial usage, and even by that is confined to cases where the parties do not live in the same place. This was repeated in First National Bank of Bellefonte v. McManigle, 69 Pa. 156, and Kenney v. Altvater, 77 Pa. 34, in which it was said: 'Letters properly directed and duly mailed are sufficient evidence of notice of the dishonor of bills or non-payment of negotiable notes. This rule is restricted to commercial paper. It establishes no such legal conclusion in other business relations.' In Susquehanna Mutual Ins. Co. v. Tunkhannock Toy Co., Lim., 97 Pa. 424, a distinction was laid down more specifically that while there is no legal presumption of receipt, yet where by the contract . . . notice was to be given by one party to another in a distant place, the custom and usage of business justify the use of the mail, and proof of a letter properly addressed and mailed is prima facie evidence for the jury of its receipt by the person addressed. This was followed in Whitmore v. Insurance Co., 148 Pa. 405, where the rule was thus stated by the present Chief Justice: 'The fact of depositing in the post-office a properly addressed prepaid letter raises a natural presumption, founded in common experience, that it reached its destination by due course of mail. In other words, it is prima facie evidence that it was received by the person to whom it was addressed; but that prima facie proof may be rebutted by evidence showing that it was not received. The question is necessarily one of fact solely for the determination of the jury under all the evidence.' This was followed in Jensen v. McCorkell, 154 Pa. 323, and London Assurance Co. v. Russell, 1 Pa. Superior Ct. 320, and is now the settled rule in this State. . . . In the present case, the prima facie evidence of receipt of the letter by due course of mail was fully rebutted by the uncontradicted testimony of the person addressed, . . . confirmed by the stamp of the receiving post-office on the same date." In Beeman v. Supreme Lodge, Shield of Honor, 215 Pa. 627, it was held that "the presumption that a letter mailed in the morning and addressed to a person in the same city will be delivered on the same day is overcome by the evidence of the person addressed that he did not receive the letter on that day, supported by testimony of the letter-carrier that the letter, by its postmark, showed that it was not received at the post-office until three hours after the last delivery, and that, in the usual course of mail, it would not be delivered until the following morning."

Was there, then, under the law, sufficient evidence to warrant the submission of this question to the jury? Of course, the report made by Edelson to

Worrest was of no avail to charge the company with notice, for it was clearly shown by the evidence of the plaintiff that Worrest was not at that time the company's agent, and that the alleged notice was given to the company by Worrest as the plaintiff's agent. It is not claimed that Edelson, either himself or through any one else, ever gave notice. Worrest testified that his letter was dated March 2, 1925; that in April he telephoned to the company's office, and Mr. Schlitte, an adjuster, then came up on April 28, 1925, a day or two after the call. He does not say that he personally mailed the letter of March 2, 1925, nor was any one called to prove that such a letter was mailed. He also stated that he never followed up that letter in any way to see whether it was received or not. Mr. Schlitte testified that the telephone call came to the company's office on April 27th; that he then got the files of the office and that no letter or notice appeared in the files. I am, therefore, of the opinion that no sufficient proof of the mailing of such a notice was shown by the plaintiff, and that, even if such a letter had been shown to have been mailed, the presumption of its receipt was fully rebutted.

It is certain that there was no proof of "full particulars" given in the alleged notice, as required by the policy. While Worrest stated he enclosed a report in his letter of March 2nd, he did not testify as to what information was contained therein, and as no copy was presented on the trial, we are at a loss to know, from it, where the collision took place or its extent.

In Lewis v. Commercial Casualty Ins. Co. of Newark, 121 Atl. Repr. 259, the Supreme Court of Maryland declared that "it may be said that the wisdom of requiring an immediate written notice of the accident or loss resulting therefrom covered by the policy, with the fullest information obtainable at the time of the accident, is apparent, as was recognized by the court in McCarthy v. Rendle, 230 Mass. 35; 119 N. E. Repr. 188." In this latter case the Supreme Court of Massachusetts said: "The occurrence of an accident and injury, however slight, may result in litigation, even in protracted litigation. It is the experience of every defender of causes that it is a matter of first importance to become possessed of all material facts and of the names and residences of all known witnesses at the earliest possible moment, as facts may be forgotten or distorted and witnesses may go beyond reach. It is an important provision, in that it is 'for the protection of an insurer against fraudulent claims, and also against those which, although made in good faith, are not valid.' "

In Desilver v. State Mutual Ins. Co., 38 Pa. 130, it was decided that, "under a condition in a policy requiring that 'all persons insured and sustaining loss by fire shall forthwith give notice to the company,' and as soon thereafter as possible 'deliver a particular account of such loss, signed with their own hands and verified by oath or affirmation,' a waiver by an agent of the company of notice of the loss does not include a waiver of the particular account or proofs required to be furnished." In Rykill v. Franklin Fire Ins. Co., 15 Del. Co. Reps. 343, Judge Broomall decided that "where an accident insurance policy requires the assured to give immediate written notice of loss or damage to the company or its authorized agent, and to furnish proof of loss within sixty days, notice and submission of proofs on Sept. 3rd of an accident which occurred on May 26th is not a compliance with the terms of the policy." He also decided in that case that notice to the agents who issued the policy was not sufficient.

The question raised in the defendant's fourth point, and reserved, is not discussed at any length, as I am of the opinion that it is fully ruled by the case of Gratz v. Insurance Co. of North America, 282 Pa. 224.

Edelson v. American Employers' Insurance Company.

I am, therefore, of the opinion that the plaintiff is not entitled to recover in this case. The rule for a new trial is now discharged and the motion for judgment *non obstante veredicto* is sustained and judgment entered in favor of the defendant.

From George Ross Eshleman, Lancaster, Pa.