## Varzaly v. Yuhasz, Appellant.

Argued April 28, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas F. Garrahan,* with him *George I. Puhak* and *Francis Taptich,* for appellant.

*Paul N. Barna,* for appellee.

OPINION BY PARKER, J., July 15, 1937:

This is an appeal by defendant from an order of the court below granting a preliminary injunction after the filing of a bill in equity. The decree is attacked upon a number of grounds, only one of which it is necessary for us to consider as that objection is controlling.

We will detail the material facts as set forth in the bill in equity filed. The Greek Catholic Union of Russian Brotherhoods of the U. S. A. (hereinafter referred to as the Union) is a fraternal beneficial organization having its principal office in Allegheny County. The defendant, Michael J. Yuhasz, Sr., is the president of the Union and the plaintiff, Rev. Stephen Varzaly, has been editor-in-chief since 1929 of Amerikansky Russky Viestnik, the official organ of the Union. Both plaintiff and defendant are so-called "Supreme Officers" of the Union and were elected at a regular convention of the whole body. On January 2, 1936, the president, the defendant, suspended the plaintiff from his office as editor-in-chief and appointed another in his place. The grounds alleged for the removal were that plaintiff's bond required by the by-laws of the association had been cancelled by the surety company and plaintiff had failed to procure a new bond although he had been

notified by the president so to do some time before, and that plaintiff .was responsible for certain libel suits against the Union growing out of matters published in the official paper.

The bill prayed for an injunction restraining the defendant from installing or appointing any other person to the office of editor or acting editor of the official organ and from "interfering in any way with the editing and publishing of the said newspaper" by plaintiff. The court below granted a preliminary injunction restraining defendant from interfering with plaintiff "in, the exercise of the functions of editor of the newspaper Amerikansky Russky Viestnik to which editorship the said plaintiff was appointed by the convention of the organization of 1932, and [providing] that the said defendant, his agents, representatives, employees or any person acting directly or indirectly in his behalf be, and they are hereby enjoined pending a final hearing in this case from interfering in any way with the plaintiff in the editing and publishing of the said newspaper as editor-in-chief thereof."

We are of the opinion that the injunction should not have been granted as the plaintiff had not exhausted the remedies provided by the rules and regulations of the order. The by-laws of the Union provide: "5. The President supervises the work of the Supreme Officers, of the Manager of the Printing Plant, of the Assistant Editors, and he warns those who neglect their duties, or are careless, and if they do not heed (his warning) he has the power, for infractions, to suspend and appoint others in their places. The suspended official in such event has the right, within 15 days, to give notice of his appeal to the Supreme Court, and from the Supreme Court within 15 days to the Supreme Convention, and to announce such appeal to the Supreme President." The plaintiff did not appeal to the Su-

preme Court of the order nor to the Supreme Convention.

It has been held by our Supreme Court in numerous cases that the remedies afforded by the laws of a beneficial association must be exhausted before a complaining party may invoke the aid of the courts to pass upon the regularity of an action by those authorized by the by-laws to pass upon accusations: *Beeman v. Supreme Lodge*, 215 Pa. 627, 64 A. 792; *Acri v. Bruscia*, 265 Pa. 384, 108 A. 717; *Merman v. St. Mary's G. C. Ch.*, 317 Pa. 33, 36, 176 A. 450; *Maloney v. U. Mine Workers of A.*, 308 Pa. 251, 162 A. 225. It is most evident that the plaintiff did not exhaust the remedies provided by the by-laws of the organization and was therefore not in a position to ask the assistance of a court of law. When the complaining party has exhausted the remedies provided by the laws of the organization, courts entertain jurisdiction only to keep those tribunals within their own laws and to correct abuses, and they do not inquire into the merits in a regular course of proceeding: *Carlin v. Ancient Order of Hibernians*, 54 Pa. Superior Ct. 512; *Lytle v. New Castle Agricultural Assn.*, 91 Pa. Superior Ct. 152; *Com. v. Union League*, 135 Pa. 301, 19 A. 1030; *Maloney v. U. Mine Workers of A.*, supra.

As we have indicated, other objections are raised by the appellant which it is not necessary to decide. We do not, however, wish to be understood as approving the practice followed in this case. The court below refused to grant an injunction upon injunction affidavits and a time was set for hearing. At that hearing defendant was represented, but he was given no opportunity to present his evidence. The granting of an injunction without notice to the opposite party is an unusual remedy to be granted only when there is real necessity for unusual haste, and it is required by Equity Rule No. 38 that the plaintiff, or some one on

his behalf, shall file an affidavit setting forth that "immediate and irreparable loss or damage will result to plaintiff before the matter can be heard on notice." The court below was of the opinion that a hearing should be held before the injunction was granted and very properly directed such a hearing. The defendant, however, was not permitted to offer evidence. In such a situation the defendant was entitled not only to be heard but to present evidence supporting his position. Defendant was deprived of a fundamental right.

The decree of the court below granting a preliminary injunction is reversed and the injunction dissolved, the costs of this appeal to be paid by the appellee.