## Retail Clerks International Association, A. F. of L., v. Neifeld, etc., et al.

*E. Davis*, for plaintiffs.

*A. S. Salus*, for Broad Street Trust Co.

*S. C. Waldbaum*, for defendants.

BOK, P. J., June 8, 1950.—We are faced with preliminary objections to a bill in equity. Plaintiffs are an international union and its affiliated local; defendants are the local's bank and a group from the local that left it to join a new and unaffiliated union. The bank is in the case only as the local's depository and has no connection with the merits. The other defendants, who include the local's officers, took with them the local's books and records, some of which the international wants back for purposes of audit and review. To effect this end, the bill asks for appropriate injunctions, for an accounting, for damages and for other general relief.

An injunction on affidavits was granted, but it was dissolved after preliminary hearing, at which time these objections were filed.

The basic question is whether the bill discloses a labor dispute of the kind that prevents an injunction under the Anti-Injunction Act of June 2, 1937, P. L. 1198, 43 PS §206*i*. We think it does.

The bill, in paragraphs 9 and 11, spells out a labor dispute in terms. In paragraph 9, defendants are charged with soliciting and attempting "to induce such members (i.e. of the local) to violate their duties to the international and to Local 836, and to designate and choose the defendant, Distributive Workers Union, *to act as their representative and to unlawfully act as their sole and exclusive bargaining agency. . . ."* (Italics supplied.) In paragraph 11, defendants are charged with forwarding "communications to employers with whom Local 836 had or intended to have col-

lective bargaining agreements, *for the purpose of inducing the said employers not to bargain collectively with Local 836.*" (Italics supplied.)

Section 206(c) of the act provides:

"(a) A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in a single industry . . . or who are employes of the same employer, or who are members of the same . . . organization of employes, whether such dispute is . . . (3) between one or more employes or association of employes, and one or more employes or associations of employes.

"(c) The term 'labor dispute' includes any controversy concerning . . . the association or representation of persons in negotiating . . . terms or conditions of employment or concerning employment relations."

The instant bill certainly involves an association of employes and one or more employes. It also directly concerns the negotiation of terms and conditions of employment, since the bill itself alleges that defendants have tried to induce employers not to bargain with the local. A letter to this effect, addressed to an employer, was offered in evidence at the hearing.

This situation does not, in our opinion, fall within those that the act (43 PS §206(d)) exempts from the restriction against injunctions. There is no evidence that the dispute violates or tends to violate a subsisting labor agreement. In fact, Mr. Neifeld's testimony was:

"It was also voted to notify all employers with whom we had contractual relations that so long as they were willing, we would continue the provisions of the contract in effect until the termination date of the contracts."

Nor is this a case of two labor organizations competing for membership, with a course of conduct calculated to coerce an employer.

Plaintiffs' authorities do not reach. In Dorrington v. Manning, 135 Pa. Superior Ct. 194 (1939), the court's opinion shows that the "contention grew out of the plaintiffs' endeavoring to get into a union, under an agreement, while the union is trying to keep them out". Nor was there a dispute over bargaining representation. The tenor of the decision is that the existence of a labor dispute does not depend upon an existing quarrel or negotiation with an employer. In commenting on New Negro Alliance v. Grocery Co., 303 U. S. 552, the court referred to the holding of the Supreme Court that "a labor dispute . . . existed because the terms and conditions of employment were concerned, *even though the disputants did not stand in the proximate relation of employer and employee.*" (Italics supplied.) See also Green et al. v. Obergfell et al., 121 F. (2d) 46 (1941); 138 A. L. R. 258.

In Ralosky v. Union, 38 D. & C. 187 (1940), the trouble centered around an election and was an intra-union affair, which Judge Sloane held was not within the scope of the act.

SKF Employees Association v. Root et al., 57 D. & C. 12 (1946), does not discuss the operation of the act, but may affect the legal situation at the next step in the instant case, when there is a hearing on the merits. The act does not affect the merits of a case; it merely prevents the granting of injunctive relief.

We are of the view that the case falls within the general authority of Ford v. Houchins, C. P. 6, September term 1949, no. 5722, and that a labor dispute exists.

The preliminary objections must, therefore, be sustained insofar as the prayers for injunctions are concerned. Since the bill asks for more, i.e. an accounting, damages, and general relief, plaintiffs must be allowed to amend. These are matters within our equitable jurisdiction and can serve to raise the basic

merits of the case. Since this is so, we will briefly mention the other objections that defendants have raised in addition to the one already considered. Preliminary objections nos. 2 and 7, having to do with the need to exhaust all remedies within the union structure, are answered by Heasley et al. v. Operative Association et al., 324 Pa. 257 (1936). This case affirms equitable jurisdiction when property rights are involved, as distinguished from such internal matters as election or other corporate procedure dealt with in Maloney v. U. M. W. et al., 308 Pa. 251 (1932), and Varzaly v. Yuhasz, 128 Pa. Superior Ct. 314 (1937), cited by defendants. In the instant case books, records, and dues—or the right to them—are involved, and these are clearly property rights.

Preliminary objection no. 4 raises the question of the right of Rose Salvucci to sue in her own right and on behalf of other members of the local. Pa. R. C. P. 2152 should be consulted and followed. See Amram-Flood, Pa. C. P. Practice, p. 91.

The remaining objections require no comment.

Preliminary objection no. 1 is sustained. Plaintiffs may amend their bill within 20 days.