# Hemphill v. Enterprise Lodge No. 75, Appellant.

*Beneficial associations—Expulsion of member—Remedies provided by constitution and by-laws—Evidence.*

On a bill in equity praying for an injunction to restrain the members of a beneficial association from denying the plaintiff the rights and privileges of membership in such association, a decree in favor of the plaintiff will be sustained where it appears that the defendant had exhausted all of the remedies provided by the constitution and by-laws of the association, and the court below found as fact that there was no evidence to support the charges that the plaintiff by his actions and conduct had violated several provisions of the constitution of the association.

In such a case the fact that the plaintiff had filed a bill in equity to restrain a proposed merger of the association with another association on the ground that many illegal votes had been polled at the meeting which voted for the merger, is not "conduct unbecoming a member" of the association within the meaning of such words as used in the constitution.

Where the constitution of a beneficial association provides for the appointment of a committee to try a member against whom charges are made, and directs that the report of the committee shall be read, and if "approved by a majority of the members present, it shall be the judgment of the lodge, and shall be so declared by the president," an expulsion of a member who has been tried, will not be sustained, where it appears that the committee reported that they found the accused "guilty in manner and form as charged," and that such report was submitted to a meeting of the lodge, and on motion it was carried that "above report be received and recommendation complied with," without any other action, and with no declaration by the president that the report of the committee was the judgment of the lodge.

Where a person has been for many years a member of a beneficial association, and has paid his dues, and the association is called upon in judicial proceedings to support its act in expelling him, all the facts essential to the conviction of a member both as to the cause of disfranchisement and the mode of proceeding, must be made to appear.

Argued Oct. 11, 1916.  Appeal, No. 88, Oct. T., 1916, by defendant, from decree of C. P. No. 2, Philadelphia Co., Dec. T., 1913, No. 1311, on bill in equity in case of John S. Hemphill v. Enterprise Lodge No. 75, Brotherhood of Locomotive Firemen and Enginemen and others. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Bill in equity for an injunction.  Before DOUGHERTY, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*F. B. Bracken,* for appellant.—The expulsion was proper: Commonwealth ex rel. v. Union League, 135 Pa. 301; Sperry's App., 116 Pa. 391; Carlin v. Ancient Order of Hibernians, 54 Pa. Superior Ct. 512; Crow v. Capital City Council, 26 Pa. Superior Ct. 411.

*Arthur S. Arnold,* for appellee.—While a member of a lodge can be expelled for proper cause, the cause must be alleged, it must be sustained and it must be found: Weiss v. Musical Union, 189 Pa. 446; Commonwealth ex rel. v. German Society, 15 Pa. 251; Society for Visitation of the Sick v. Commonwealth ex rel., 52 Pa. 125; Schroger v. Society, 13 Philadelphia 113.

The technical procedure laid down by the by-laws of the lodge must be followed: Gill v. Ladies Catholic Benevolent Assn., 36 Pa. Superior Ct. 458; Commonwealth v. German Society, 15 Pa. 251.

Where the real cause for expulsion, however concealed, is an appeal to the State courts, and it is sought to condemn a man for simply resorting to legal proceedings, the expulsion is illegal: Sweeney v. Hugh McL. B. Society, 14 Weekly Notes of Cases, 466.

OPINION BY HENDERSON, J., March 16, 1917:

The proceeding in the court below was a bill in equity praying for an injunction restraining the defendants from denying the plaintiff the rights and privileges of membership in "Enterprise Lodge No. 75, Brotherhood of Locomotive Firemen and Enginemen." It is averred in the bill and admitted in the answer that the defendant society is an unincorporated beneficial association of which the complainant became a member November 11, 1881, and so continued until July 27, 1913, when he was expelled. He held a beneficial certificate issued by the society on which he had paid assessments amounting to $496.25, and which entitled him to benefits if permanently injured and his wife, or other designated beneficiary, to $1,500 in the event of his death. His dues were paid in accordance with the rules of the order and he was a member in good standing until the presentation of the charges out of which the expulsion came. The charges were preferred by two members of the lodge on June 16, 1912, at a special meeting. Three violations of the law of the order were set forth. The first alleged that the plaintiff in violation of his obligation and of Section 2 of Article XXVIII of the Constitution revealed the secrets of the order and its unwritten work and business in the lodge to divers persons. The second averred that the complainant had in violation of his obligation and of Section 5 of Article XXVIII of the Constitution conducted himself in a manner unbecoming a member of the lodge and made false statements to and about a lodge and continually and contumaciously harassed the officers and brethren in and about their efforts to accommodate their grievances under consideration between their

employers and themselves.  The third charge was that
the plaintiff in violation of his obligation and of Section
6 of Article XXVIII of the Constitution circulated slan-
derous and libelous reports about a grand lodge officer.

The constitution of the lodge provides that when
charges have been preferred they shall forthwith be re-
ferred to a committee of three disinterested members
for investigation who shall proceed to try the case in ac-
cordance with the mode of procedure prescribed.  At the
conclusion of the testimony the committee is required to
agree on a verdict which shall be reduced to writing and
reported at the next regular meeting of the lodge, to-
gether with a record of the proceedings and the testimony
received.  Paragraph J of Section 2 of Article XVIII of
the Constitution is as follows: "The report of the com-
mittee shall be read and if approved by a majority of the
members present it shall be the judgment of the Lodge
and shall be so declared by the President and entered in
full on the minutes and the Recording Secretary shall
forward a copy of the verdict to the accused under seal
of the Lodge."  The charges were referred to a committee
in accordance with the provisions of the constitution.
This committee after having held four meetings for the
taking of testimony and the consideration of the case
presented a report at a meeting of the lodge held July
27, 1912, in which they found the accused "guilty in
manner and form as charged"; whereupon, the follow-
ing action was had as shown by the minutes of the lodge:
"On motion by Bro. Leahy seconded by Bro. Smith that
above report be received and recommendation complied
with, carried."  No other action with reference to the
report was taken and there was no declaration by the
president that the report of the committee was the judg-
ment of the lodge.  An appeal was taken from this
action by the accused in accordance with the laws of the
organization and a reinstatement demanded which was
refused and it is admitted that he has exhausted all the
remedies afforded him by the laws and practices of the

organization. The averment of the bill is that his expulsion by the lodge was unlawful because not supported by any evidence of a violation of its laws and because the trial was not conducted in conformity to the provisions of the constitution relating thereto. The learned judge of the court below after a careful consideration of the evidence held that it was destitute of facts which would support any of the charges; that the complainant had not violated any of the by-laws, rules or regulations of the order and that he was improperly expelled from the lodge. The appellant's contention is that there was evidence to support two of the charges and that the irregularities in the trial were not of such character as to affect the action of the lodge. The jurisdiction of the court to hear and determine the case is not questioned. All that is contended for by the appellant is that if there was evidence in support of the charges and the trial was regularly conducted the defendant is bound by the law of the order and it is not within the capacity of a court of equity to dispose of the case on a consideration of a preponderance of evidence or of some irregularity not of consequence. It seems not to be disputed that the third charge against the plaintiff was not sustained and the first had less merit and less support in the evidence. It apparently had its foundation in the action of the plaintiff in filing a bill in equity in the Court of Common Pleas No. 1 of Philadelphia County asking for an injunction to restrain the officers of the Brotherhood of Locomotive Firemen and Enginemen from proceeding to carry out a plan of federation with the Order of Railway Conductors and the Brotherhood of Railroad Trainmen, a plan of which federation had been submitted to the order to which the plaintiff belonged for approval, this approval to be obtained by a vote of the order. The plaintiff and other members of the lodge objected to the proposed federation and opposed the adoption of the plan. When the votes were canvassed it was alleged by some of the opponents there-

to that many illegal votes were polled, and this was the
principal ground on which the plaintiff based his case
in the proceeding to restrain the carrying out of the
federation scheme. That the plaintiff had a right to go
into court to prevent the carrying through of the feder-
ation plan can hardly be disputed. It was not a project .
provided for by the constitution and by-laws of the
order, but a movement proposed by some one for the
coöperation of the different orders presumably for their
common interests. Conceding the propriety of the plan
the plaintiff and those thinking with him nevertheless
had a right to resort to any lawful means to prevent their
own organization from entering into an entangling alli-
ance with any similar body. Moreover, there was no
testimony offered in this case as to what was said and
done in the proceeding in the Court of Common Pleas
No. 1. The most that was attempted was the offer of the
opinion of three members of the order that by filing the
bill in the latter court there was a revealing of the secrets
of the order and its unwritten work. This was clearly
not the result of that proceeding and the learned judge
has well found that "there was nothing said or done in
the course of the proceeding in the Court of Common
Pleas No. 1, which can be said in any way to have re-
vealed the inner work of the Brotherhood." The second
charge was more particularly relied on to sustain the
plaintiff's expulsion and of that the trial judge said: "I
have read with the greatest care all the testimony that
was taken at the trial and I can find absolutely nothing
in support of this charge......I find nothing in the con-
stitution or by-laws punishing a member for acting in
the manner described nor do I find any evidence given of
any misconduct on the part of the plaintiff which in any
way tended to harass the officers of the Brotherhood in
the manner described." What is called by the appellant
"the plaintiff's unjustifiable precipitancy in resorting to
litigation with his Lodge and Brotherhood" is the princi-
pal matter covered by this charge to which may be added

an alleged misstatement in a communication to Lodge No. 233 of Delaware as to the attitude of the plaintiff's lodge on the subject of the federation. That there was no precipitancy on the part of the plaintiff in moving to restrain the carrying out of the federation plan is apparent from the evidence. The federation had been accomplished so far as the action of the plaintiff's order was concerned and the officials of the federation were then in conference and consultation as a result of the assumed adoption of the federation plan. If any legal action was to be taken the time was opportune and the plaintiff can not be charged with haste in that respect. It is true, he and others made objection against the plan of federation in a letter addressed to the president of the brotherhood on May 12, 1912, which letter was submitted by the lodge to the president on May 16, 1912, and that letter was referred by the president to the vice-president for investigation and report to the lodge. But this was an informal proceeding and led to nothing. The federation board was organized and at work before the injunction was served. We are not willing to sustain the contention of the appellant that the appeal to the court without notice of the plaintiff's intention so to do was "conduct unbecoming a member of his Brotherhood." Nothing in the laws of the order forbade such proceedings nor is there any policy of law which precludes one so situated from asserting a right in a court of justice.

But irrespective of the cause of the expulsion there is a defect in the proceeding which renders it invalid. The constitution of the order provides as already noticed that the report of the trial committee must be approved by a majority of the members present at the meeting of the lodge at which the case was considered. There is nothing in the evidence to show who attended the meeting, how many voted or that a majority approved of the committee's report. This is not a matter of form but of substance. The evident purpose of the provision was that there should be an expression of opinion of at least

a majority of the members present indicated by their votes. It is all the more important when property rights are involved and a penalty proposed to be enforced against a member. The plaintiff had been connected with this order for about thirty years and had contributed funds for the relief of those who were entitled to aid under the beneficiary provision of the constitution. When it is proposed to expel a member so situated it is necessary that compliance with the law which the members have ordained be observed. It is the rule that to support an expulsion all the facts essential to the conviction both as to the cause of disfranchisement and the mode of proceeding must be made to appear: Com., ex rel., Fisher v. German Society, 15 Pa. 251; The Society for the Visitation of the Sick, Etc., v. Com., 52 Pa. 125; Manning v. Klein, 1 Pa. Superior Ct. 210. In the latter case the court after referring to the fact that the member had for a number of years paid dues and assessments which gave him the right in case of sickness or accident to receive benefits from the association and in case of his death provision for his family said: "It is not a light matter to be deprived of such privileges and courts will carefully scan the steps by which such a conclusion is reached." All of the authorities show that the proceedings must be regular and that there must be a proper finding and judgment. By referring to Black and White Smith Society v. Van Dyke, 2 Whar. 309; Com. ex rel. v. German Society, supra; Society, Etc., v. Com., 52 Pa. 125; Com. v. Union League, 135 Pa. 301; and Manning v. Klein, et al., supra, it will be seen that in all of them the record showed the requisite affirmative vote to support a conviction. Nor is the approval of the report of the committee sufficient action to effect an expulsion. It must be declared to be the judgment of the lodge by the president. It was intended in this way to make up a record which would definitely establish the fact of expulsion. There was such disregard of the law of the order with respect to action on the report of the

committee that the expulsion can not be sustained. There are many assignments of error but we deem it unnecessary to consider them in view of the conclusion now reached. We regard the proceeding as so irregular as to be wholly invalid and that no property right under the plaintiff's beneficiary certificate or right of membership in the lodge could be affected by the action of July 27, 1912. The exceptions are dismissed and the decree affirmed at the cost of the appellants.