## W. A. Lytle *v.* New Castle Agricultural Association, Appellant.

*Trotting association—Expulsion from—Damages for—Evidence— Case for jury—Jurisdiction of courts to review rulings of association.*

In an action of trespass to recover damages for expulsion from a trotting association, it appeared that plaintiff had entered a horse in a race conducted by defendant corporation under the rules of the Union Trotting Association. There was evidence that after several ineffectual attempts to start the last heat of the race in which plaintiff's horse was entered the starting judges ordered plaintiff to permit one of his competitors to drive his horse and directed plaintiff to drive the horse of that competitor. Plaintiff refused to comply with this order, stating, inter alia, that the person whom the judges selected to drive his horse was intoxicated and therefore not a competent driver. Whereupon, the starting judges announced publicly that plaintiff and his horse were permanently expelled from the Union Trotting Association. Under the rules of the association the judges had authority to determine all questions of fact relating to the race over which they presided and, if they believed that a horse was being improperly driven, to substitute a competent and reliable driver for the remainder of the race. The trial judge left to the jury the question whether

plaintiff's expulsion was legal or illegal and instructed them that the expulsion was illegal if they found that plaintiff stated to the judges that he would not permit the substitute driver selected to drive his horse because said driver was intoxicated and that the charge against said substitute driver was true and well founded, and that the judges arbitrarily and in bad faith refused to consider the matter and arbitrarily and peremptorily ordered plaintiff to exchange horses with his competitor and expelled him for not doing so. This instruction was free from error and a verdict for the plaintiff will be sustained.

The decision of the board of judges of such an association, if made honestly and in good faith, will not be reviewed by the courts, and rulings so made are res judicata. But the courts will entertain jurisdiction to keep such tribunals in the line of order and to correct abuses. Any action taken by such tribunals in bad faith and not in the exercise of an honest judgment is irregular and illegal.

PORTER, P. J., dissents.

Argued April 21, 1927. Appeal No. 53, April T., 1927, by defendant from judgment of C. P. Lawrence County, June T., 1924, No. 34, in the case of W. A. Lytle v. New Castle Agricultural Association. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for expulsion from a trotting association. Before HENNINGER, P. J., 50th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,458.33 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*James W. Rhodes,* and with him *Robert L. Wallace,* for appellant, cited: Society v. VanDyke, 2 Wh. 312; Neff v. Pa. Daughters of Liberty, 62 Pa. Superior Ct. 256; Commonwealth v. German Society, 15 Pa. 251; Sperry's Appeal, 116 Pa. 391; Crow v. Capital City

Council, 26 Pa. Superior Ct. 411; Carlin v. Ancient Order of Hibernians, 54 Pa. Superior Ct. 512.

*Jas. A. Chambers,* of *Chambers & Shumaker,* for appellee, cited: Hutchinson et al. v. Schimmelfeder, 40 Pa. 396; Williams v. Esling, 4 Pa. 486; Weiss v. Musical Mutual Protective Union, 189 Pa. 446; McMahon v. Beneficial Association, 17 Phila. 216; Commonwealth v. Union League, 135 Pa. 301.

OPINION BY GAWTHROP, J., July 8, 1927:

Defendant appeals from a judgment which plaintiff has against it in an action of trespass for illegally causing his expulsion from the Union Trotting Association. The verdict of the jury and the admissions of counsel for appellant warrant the following statement of material facts: October 3, 1923, defendant was holding a fair and race meet on its grounds. Plaintiff was the owner of a horse which he entered in a race held that day. The races were conducted under the rules of the Union Trotting Association, of which defendant was a member. Plaintiff occupied the status of a member by entering his horse under a written contract binding him to participate in the race under the rules of the Union Trotting Association, which provide that every person making an entry of a horse in a race and its driver, rider or other person having control of the horse shall be subject to said rules and will submit all disputes and questions arising out of said entry to the authority and judgment of the association, whose decision shall be final; that the judges of a race shall have authority while presiding to determine all questions of fact relating to the race over which they preside; that if they believe that a horse is being or has been driven improperly at any time during the continuance of the race, with a design to prevent his winning a heat or place, which he was

evidently able to win, or to perpetrate or aid a fraud, they shall have the power to substitute a competent and reliable driver for the remainder of the race and, if the result of the race shall demonstrate that a fraud was being perpetrated, all the guilty parties so implicated, together with the horse, may be suspended for not less than one year, or may be expelled. Such expulsion is an absolute bar to participating, directly or indirectly, in any race conducted on any track under said rules, the disqualification applying to both horse and driver. Whether the rules provide for appeals from the decision of the judges or for reinstatement after expulsion does not appear. After three heats had been run in the race in which plaintiff's horse was entered, the contest narrowed itself to three contenders, plaintiff, Rising and Bennett. When they were called out to the track for the final heat and several ineffectual attempts had been made to get the heat started, the judges were led to believe that the horses were being improperly driven, that is, that the drivers were not using their best efforts to win. So they ordered that plaintiff drive Rising's horse and that Rising drive plaintiff's horse. Plaintiff refused to comply with this order, giving the judges two reasons for his refusal: first, that Rising's horse was improperly rigged and could not be driven with safety; second, that Rising was intoxicated and not a competent driver in that condition. Plaintiff told Mr. McGeorge, secretary of defendant, that the rules of the Union Trotting Association did not permit the judges to make an exchange of drivers such as they proposed or to "put an incompetent man behind my horse." McGeorge answered: "I don't care anything about the rules, I am running this race meeting and if you don't I will expel you." When plaintiff had walked from the judge's stand to the track, the starting judge announced publicly that plaintiff and his horse were permanently ex-

pelled. At the time Rising was not a competent and reliable driver on account of intoxication. Defendant admitted its appointment of the judges of the race and its liability for their action in expelling plaintiff.

The principal complaint of appellant is that its point for binding instructions should have been affirmed. In support thereof it is urged that the question whether there was proper cause for expelling plaintiff was exclusively for the board of judges whose ruling on that question is res adjudicata and cannot be disturbed or inquired into by the courts, and that there is no evidence that the judges were guilty of bad faith or abuse of power. We agree with the able counsel for appellant that the board of judges was vested with a broad discretion; that it was required to make prompt decisions without taking much time to deliberate; and that its decision of all questions of fact relating to the race over which it presided, if made honestly and in good faith, will not be reviewed by the courts on its merits and that rulings so made are res adjudicata. But the courts do entertain jurisdiction to keep such a tribunal in the line of order and to correct abuses: Com. v. Union League, 135 Pa. 301, 327, and cases therein cited. The regularity of the proceedings is always open to inquiry: Com. v. German Soc., 15 Pa. 251. The question of good faith is always involved. Action taken in bad faith and not in the exercise of an honest judgment is irregular and illegal. The learned trial judge left to the jury the question whether plaintiff's expulsion was legal or illegal and instructed them that the expulsion was illegal if they found that plaintiff stated to the judges that he would not permit Rising to drive his horse because the latter was intoxicated, and that the charge against Rising was true and well founded and that the judges arbitrarily and in bad faith refused to consider the matter, and arbitrarily and peremptorily ordered plaintiff to

exchange horses with Rising and expelled him for not doing so. Defendant has no just cause for complaining of this instruction. It did not permit the jury to draw the inference of illegal expulsion from anything which the board of judges did in good faith and in an honest endeavor to perform their duties, but only from action taken by them in bad faith in disregard of their duties. While the jury might well have found that Rising was not intoxicated and therefore was a competent driver, and that the judges acted in good faith in taking the action they did, we cannot hold that the evidence does not warrant the finding of the jury. This conclusion renders it unnecessary for us to consider the question whether the order of the judges that plaintiff and one of his competitors in the race exchange horses is authorized by the rule of the Union Trotting Association, which provides that under certain circumstances the judges shall have the power to substitute a competent and reliable driver for the remainder of the race. We have given full consideration to all of the assignments of error, but find none calling for a reversal of the judgment.

The judgment is affirmed.

Porter, P. J., dissents.