# Weiss, Appellant, *v.* First National Bank of Scranton.

Argued January 22, 1936.   Before KEPHART, C. J., DREW, LINN and BARNES, JJ.

*Jerome I. Myers,* with him *David J. Reedy,* for appellant.

*Cornelius B. Comegys,* with him *Roswell H. Patterson,* for appellee.

OPINION BY MR. JUSTICE BARNES, April 20, 1936:

The plaintiff, Edward Weiss, appeals from a decree of the court below dismissing his bill in equity to obtain possession of certain stock certificates held by the defendant bank. He bases his claim to the certificates upon an alleged oral agreement made on September 11, 1931, with one Isidor Gerson, the registered owner of the shares of stock which were then in the possession of the

Dime Bank-Lincoln Trust Company, of Scranton, Pennsylvania, as collateral for a loan.

The plaintiff and Gerson were partners on July 17, 1931, engaged in the clothing business in the City of Scranton. On April 12, 1929, Gerson borrowed $6,000 from the Dime Bank-Lincoln Trust Company upon his individual promissory note, and deposited as collateral security the certificates of stock described in the bill of complaint, and which are here in controversy. This note, reduced to $3,700 by payments from time to time, was renewed finally on July 17, 1931, for a period of ninety days. Gerson was also indebted at this time to the partnership of Gerson and Weiss in an amount in excess of $14,000.

It is claimed Gerson agreed that if Weiss would pay the note held by the bank and release his indebtedness to the partnership, the stock certificates deposited as collateral security to the note would thereupon become the property of Weiss.

The plaintiff paid the note on September 11, 1931, and it was thereafter cancelled and returned to Gerson. Plaintiff testified that he requested the bank at the time to deliver the certificates to him, and was informed by its assistant treasurer that they would be surrendered as soon as they could be obtained from a bank in New York City, where they had been rehypothecated. He said that subsequently the bank refused to release the certificates to him, claiming to hold them as security for another indebtedness due it by Gerson as coöbligor upon a certain bond of the Keystone Realty Company, Inc.

On January 29, 1932, the Dime Bank-Lincoln Trust Company transferred a large portion of its assets to the defendant bank, and included in these assets the bond upon which Gerson was coöbligor, together with the collateral held for that liability, consisting in part of the certificates in question.

The answer denied any agreement on the part of the Dime Bank to surrender the securities to plaintiff. It

averred that Gerson was indebted to it in an amount in excess of $50,000 upon the bond of the Realty Company which had been reduced to a judgment against him, and that the certificates were held as security for the payment of that debt in accordance with the provisions of the note of July 17, 1931; that the defendant bank, as assignee of said judgment, was entitled to hold the certificates of stock as collateral for that indebtedness, which remained unpaid.

The case was heard upon bill, answer and proofs. It appears from the evidence that Gerson's note at the Dime Bank, although not then due, was paid during a run on the bank by a check drawn by Gerson himself upon the partnership funds on deposit there. It is also clear that for a period of three years after the note was paid plaintiff failed to assert ownership of the securities, or to make any demand upon the Dime Bank or the defendant bank for their delivery to him. On the contrary, Gerson continued to act as the owner thereof until this suit was brought in December, 1934, and, so far as third parties were concerned, treated them as his own property. He caused some of the shares originally pledged to be exchanged for others, and a difference in cash was credited at his direction to his personal account. He sold one of the stocks and ordered the bank to deliver the certificates to the buyer. The dividends on these securities were collected by him to the date of the trial, and he testified that he gave all of the dividends so received to his wife.

No assignment in writing of the certificates was given at any time by Gerson to Weiss and no written order was given to the Dime Bank to deliver them to him. There is no writing to support the claim of plaintiff, and the testimony of Gerson was inconsistent with the alleged transfer of the securities. Moreover, a page from the partnership books offered in evidence shows an erasure of a debit entered against Gerson on September 11, 1931, and a new debit entered against Weiss as of the same

date in ink of a new and different color from other entries on that page.

The court below found that the testimony of the alleged transfer of the stock certificates was not to be believed and did not entitle the plaintiff to the relief sought. The court entered a decree nisi dismissing the bill which, after argument upon exceptions, was made final.

This case is preëminently one for the application of the rule that the findings of fact of a chancellor, confirmed by the court in banc, have the force and effect of a verdict of a jury and are binding upon an appellate court if there is evidence to support them: *Glenn v. Trees,* 276 Pa. 165; *Browne v. Hoekstra,* 279 Pa. 418; *Pusey's Est.,* 321 Pa. 248. The fundamental issue is the existence of the alleged oral agreement, the proof of which depended solely upon the testimony of the contracting parties—the plaintiff and his partner. The question of credibility was thus of primary importance, and as we recently pointed out in *Pusey's Est.,* supra, this depends upon matters which cannot be reduced to writing in the record, and to which the opinion of the chancellor who saw and heard the witnesses is therefore entitled to great weight. We are not, however, governed solely by this consideration. Our own careful examination of the record discloses facts which fully support the conclusion of the chancellor that plaintiff's claim was brought forward for the single purpose of releasing Gerson's securities from the lien of the defendant bank. The evidence not only warrants the findings of the chancellor and the dismissal of the bill, but it would have been error on his part to have held otherwise. In the view which we have taken of this claim it is unnecessary to discuss the remaining assignments of error.

Decree affirmed at appellant's cost.