Secretary of Banking *v.* Southwestern Building
and Loan Association, Appellant.

Argued April 30, 1936. Before SCHAFFER, MAXEY,
DREW, LINN and BARNES, JJ.

W. *Horace Hepburn, Jr.,* for appellant.

*Sylvan H. Hirsch,* with him *Herbert P. Sundheim,* Special Deputy Attorneys General, and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

This appeal is from a final order of the court below, refusing to grant a rule upon the secretary of banking to show cause why his appointment as receiver for the defendant building and loan association should not be revoked. The petition for the rule followed a similar petition filed in the same court several months prior thereto, upon which a rule had issued, and which the court below, after argument, discharged.

The facts material to the question before us are as follows: On December 18, 1931, the department of banking, as a result of an examination of the affairs of the defendant association, placed it upon a restricted basis. As the condition of the association became more precarious, on June 5, 1934, the secretary of banking was appointed its receiver. The receiver promptly took possession of the business and property of the association. The proceedings for the appointment of the receiver complied in every respect with the Act of May 15, 1933, P. L. 565, known as the "Department of Banking Code." The receiver continued to administer the association's affairs until May 29, 1935, when the petition of a stockholder was filed to revoke his appointment and restore the property of the association to its directors for liquidation.

The petition charged mismanagement of the affairs of the association, and particularly that the receiver had not diligently pursued the collection of its outstanding assets. To this petition a responsive answer was made on behalf of the secretary of banking. No depositions

were taken by the petitioner, and the case was heard upon petition and answer. The court below found that the association was insolvent when the receiver was appointed and continued in that condition; and that the liquidation of the assets of the association had been almost completed. The court held that the petitioner had failed to sustain its charges that the administration of the receivership was not efficient and economical, and that any allegations of mismanagement could be brought before it upon proper application to that effect, without the necessity of first revoking the receivership. Thereupon it discharged the rule, and, in addition to the reasons stated, based its conclusion upon the further ground that the proceeding had not been timely brought, in view of the requirements of section 605 of the Department of Banking Code,—that such application must be made within ten days after the secretary of banking took possession of the business and property of the association. From the order discharging the rule no appeal was taken. Thereafter, on September 5, 1935, the present petition; similar in its averments and prayers to the first one, was filed on behalf of the majority of the directors of the association. Upon consideration thereof, the court below was of opinion that the questions involved had been disposed of by its prior order, and refused to grant the rule prayed for. From a final order accordingly entered, this appeal has been taken.

We have concluded that the court below properly refused to allow the rule for the revocation of the appointment of the receiver. It had considered and decided all the questions raised by the present petition in its opinion upon the prior petition and answer. Our examination of the record shows that the findings of the learned trial judge were fully sustained by the evidence. Those findings have the effect of a jury's verdict, and are binding upon us: *Crick v. Paull*, 287 Pa. 431; *Equitable Life Assurance Society v. Klein*, 315 Pa. 156; *Boyd's Est.*, 315 Pa. 283; *Pusey's Est.*, 321 Pa. 248.

The alleged acts of mismanagement on the part of the secretary of banking, as receiver, might properly have been brought before the court below upon an application to that effect, without disturbing the orderly process of the liquidation of the association, until such charges had been proved. Apparently the petitioners failed to avail themselves of the opportunity so afforded.

The proceedings here were not instituted until nearly a year had elapsed from the time the receiver took possession of the business and property of the defendant association, and over a year had expired before the present petition was filed. There was no attempt made to comply with the time limitation prescribed in section 605, of the code as mentioned. It is not denied that the liquidation of the property of the association is virtually completed.

Judgment affirmed, costs to be paid by petitioners.