Honan, Appellant, v. Donaldson.

Donaldson, Appellant, v. Donaldson.

Argued April 20, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edward Paul Smith,* with him *Scott Seddon,* for appellants.

*Otto Kraus, Jr.,* with him *Howard M. Long,* for appellee.

OPINION BY MR. JUSTICE LINN, June 17, 1938:

Two bills were filed against Therese Donaldson, one by her sister, Mrs. Honan, appellant at No. 153, and the other by her father, William J. Donaldson, Sr., appellant at No. 154, asking for decrees that defendant holds certain real property in trust for the heirs of Ellie M. Donaldson, deceased, wife of William J. Donaldson, Sr., and the mother of defendant and of Mrs. Honan the other plaintiff. After hearing on bills, answers and proofs, the bills were dismissed in a single adjudication. The appeals were argued together in this court. Two subjects are specified for review in the Statement of Questions Involved: (1) whether the record supports the decree; (2) whether in No. 153, the father was a competent witness to testify in appellant's behalf, and whether, in No. 154, Mrs. Honan was competent to testify in her father's behalf.

1. Ellie M. Donaldson died September, 1934, intestate, leaving to survive, her husband, William J. Donaldson, Sr., appellant in No. 154, two daughters, the parties to appeal No. 153, and a son, William, who testified in behalf of the defendant-appellee. From 1918 decedent and her husband lived separate and apart from each other; and, from July, 1924, pursuant to an order

made in proceedings brought against him by his wife in the Municipal Court, he contributed to her support.

October 11, 1924, Ellie M. Donaldson purchased a dwelling in Philadelphia, supplying the money therefor. The agreement to purchase was executed by the defendant in whose name title was taken at the settlement at Ellie M. Donaldson's request. The learned chancellor found: "Legal title . . . was taken in the name of [defendant] at the time of the purchase . . . at the direct and specific request of Ellie M. Donaldson, now deceased, in order that it might be the property of said [defendant]." Thereafter, until her death, the dwelling was occupied by the mother, the defendant daughter, the son, William, and, until her marriage in 1928, by appellant, Nellie M. Honan.

The purpose of the bill, filed in December, 1935, is to establish a resulting trust for appellants' benefit. The learned chancellor said the transaction constituted "a bona fide gift to the daughter [defendant] made by the mother in appreciation of both the kindness and generosity of the defendant, and because of the mother's confidence that the defendant would forever look after the interest of William J. Donaldson, Jr., whose personal habits the family semed to think made him more or less dependent."

It was of course the duty of the learned court below to determine whether to believe the declarations said to have been made by Ellie Donaldson as stated by the witnesses on the one side or the other; the court's conclusion was, "The weight of the credible testimony balances on the defendant's side of the scales of justice. . . ." In such circumstances, after seeing that there is evidence to support the findings, this court will accept them, approved, as they were, by the court in banc: *Weiss v. First National Bank,* 321 Pa. 365, 184 A. 451.

The appellants rely on section 443 of the Restatement of Trusts: "Where a transfer of property is made to one person and the purchase price is paid by another, and

the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises." But here the finding of intention is to the contrary: see *Roberts's Appeal,* 85 Pa. 84, 87; *Hiester v. Hiester,* 228 Pa. 102, 106, 77 A. 419; *Yeager's Estate,* 273 Pa. 359, 117 A. 67.

2. We cannot accept appellant's argument concerning the competency of herself and her father to testify. The sixth assignment complained that when Mrs. Honan's testimony was offered it was received "by reserving the right to strike out such testimony at the conclusion of the case." Appellant objects that the court had no power to take the evidence with that qualification; it is common practice; much must be left to the judicial discretion of a trial judge; here there was no abuse. In the seventh assignment, it appears that she testified to a declaration made by her mother from which the learned chancellor struck out, as we understand it, these words: "as he [William J. Donaldson, Sr.] refused on the Girard Avenue house, and 2654 Salmon Street, which was sold by a phony Sheriff sale"; the characterization of the sale was not admissible. The entire criticism of the treatment of Mrs. Honan's testimony, in the respect complained of, loses significance by the statement in the adjudication, that "even giving the court the benefit of her testimony if she were a competent witness, there is nothing in her testimony that would justify the contention that the property represents a resulting trust, in which she has an interest." The court in banc dealt with the subject in the same way.

The other point raised in the Questions Involved deals with the testimony of William J. Donaldson, Sr., as offered in Mrs. Honan's case. In support of this point a quotation is made from a paragraph of the adjudication, containing the statement, "that at one time in a pleading filed in the Municipal Court, the deceased mother

admitted that the property was hers. There is no competent evidence that this statement was ever brought to the attention of the defendant or that she had any knowledge that her mother had made such a statement either verbally or in a pleading." This quotation is followed in the brief by a statement that Mrs. Honan testified that she had discussed the subject with defendant. This loses significance as has been pointed out by the statement that the conclusion of the court would be the same whether the evidence of Mrs. Honan was in or out. We have examined it in the same light. But, on the merits, see *Campbell v. Brown,* 183 Pa. 112, 118, 38 A. 516; *Roberts v. Washington Trust Co.,* 313 Pa. 584, 590, 170 A. 291; *King v. Lemmer,* 315 Pa. 254, 173 A. 176.

In each appeal the decree is affirmed at the cost of appellant.