Raynovic, Appellant, *v.* Vrlinic et al.

530

Argued March 24, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Jacob Seligsohn,* with him *H. L. Abrams,* for appellant.

*William H. Markus,* with him *Elmer A. Barchfeld,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 8, 1939:
Joseph Raynovic had long been a member of the Serb National Federation, holding insurance therein. Expulsion proceedings were instituted by charges filed against him, and notice of a hearing before the Supreme Trial Board at Pittsburgh was duly given. Appellant appeared at the hearing, with an attorney not a member of the organization, and demanded the proceedings be conducted in English, since his attorney did not understand Serbian. The trial board refused his request. The official languages of the organization were Eng-

lish and Serbian. Several members of the board had difficulty in understanding English, and most of the documentary evidence was in Serbian. Appellant, by advice of his counsel, left the hearing, and the trial was conducted in his absence. He was expelled.

As provided by the by-laws, Raynovic appealed to the Convention of the Serb National Federation. The Convention appointed an advisory committee of five, to assist in its appellate work, which heard about one hundred appeals, including appellant's. Additional evidence was presented, and the recommendations of the committee were submitted to the Convention. Appellant was given an opportunity to defend himself and for almost an hour addressed the Convention. The action of the trial board was sustained.

Appellant contends that Section 2 of the by-laws ("The official languages of the Serb National Federation shall be Serbian and English") entitled him to a trial in English so that an attorney not familiar with the Serbian language could represent him. It is also urged that Section 114 ("Any defendant has the right to be represented before the Trial Board by counsel. Such counsel may be any literate member of the Federation.") gives him the right to be represented by an attorney and that the attorney need not be a member of the organization.

Appellant's contentions are without merit. The word "counsel" as here used does not give an absolute right to have an attorney-at-law, but a right to have someone in the federation represent the accused. The words "Such counsel may be *any literate member* of the Federation" are words of limitation and definition. Trial procedure in beneficial associations need not be conducted under rules of law applicable to court trials nor under the scrutiny of a lawyer.

Appellant's rights were in no wise prejudiced by having the trial conducted in Serbian, and we agree with the conclusion of the adjudication: "That the official

languages of the Federation (Section 2 of the By-laws) were Serbian and English, conferred no right on plaintiff to insist upon the exclusive use of the latter tongue. Indeed, such procedure appears to have been impossible. *All the documents* presented, the *complaints* prepared, the *utterances and publications* by the plaintiff against the integrity of the Federation and its officers, the criticism of its financial policies, these *were all in the Serbian language. The plaintiff, himself, speaks and understands the Serbian language better than he does English, and at least three members of the Trial Board found understanding of the English language,* in the phraseology of such a hearing, *difficult.* Everyone concerned was more familiar with the Serbian language than the English, except the outside attorney-at-law, which the plaintiff had brought into the hearing to represent him. All these circumstances would indicate to us that the use of the Serbian tongue afforded the greatest facility for disposition of the matters involved, with the minimum of confusion."

When appellant chose to walk out of the hearing, he did so at his own risk and must take the consequences: *Crow v. Capital City Council,* 26 Pa. Superior Ct. 411. See also *Com. v. Union League,* 135 Pa. 301, 321. This is unlike the case of *Lazic v. National Croatian Society et al.,* 260 Pa. 205, where a board attempted to expel a member without authority or jurisdiction over the subject-matter.

Appellant complains that his appeal to the Serb National Federation Convention was not properly proceeded with. The resolution passed by the Convention creating a committee of five as a trial board was not in derogation of his rights. The committee elected by the Convention, under Section 15 of the by-laws,[1] had authority to hear complaints and make recommendations

---

[1] "the convention shall elect . . . A committee of 5 to pass upon motions, petitions, and complaints referred to the convention."

thereon to the Convention. This procedure was merely a necessary and proper amplification of Section 24 of the by-laws, which gave appellate power to the Convention. The circumstances show appellant's case was fully heard and adequately considered by the Federation.

The court below found the charge that certain members of the committee were unduly prejudiced, was not substantiated by sufficient evidence to set aside the proceeding. Findings of the chancellor approved by the court en banc are as binding on this court as the verdict of a jury unless there is no evidence to support them or there is capricious disbelief of the evidence.[2]

When the proceedings for expulsion in a beneficial association have been regular, fair and just, giving an impartial trial, the results must stand, and this Court will not go into the merits of the case nor the findings by the association which resulted in the expulsion: *Carlin v. Ancient Order of Hibernians*, 54 Pa. Superior Ct. 512; *Maloney v. United Mine Workers of America et al.*, 308 Pa. 251, 257; *Lytle v. New Castle Agricultural Assn.*, 91 Pa. Superior Ct. 152; *Com. v. Union League*, 135 Pa. 301; *Lodge No. 19 v. Svi Sveti et al.*, 323 Pa. 292; *Beeman v. Supreme Lodge*, 215 Pa. 627. The bill was properly dismissed.

Decree affirmed at appellant's cost.

---

[2] *Lodge No. 19 v. Svi Sveti et al.*, 323 Pa. 292; *Patterson's Estate*, 333 Pa. 92; *Glenn v. Trees et al.*, 276 Pa. 165; *Pusey's Estate*, 321 Pa. 248; *Weiss v. First National Bank of Scranton*, 321 Pa. 365; *Brown et al. v. Hoekstra*, 279 Pa. 418; *Secretary of Banking v. Southwestern B. & L. Assn.*, 323 Pa. 317, 319; *Mooney's Estate*, 328 Pa. 273; *Manheim v. Board Co. Com.*, 330 Pa. 92; *Honan v. Donaldson*, 331 Pa. 388.