**Biondi v. Banner Food Stores Association**

*J. Harry Morosini, Edward A. Reilly* and *Joseph E. Gallagher*, for plaintiff.

*Bialkowski, Bialkowski & Bialkowski,* for defendants.

EAGEN, J., May 2, 1956.—The Banner Food Stores Association is an association of local retail food grocers, which is duly chartered as a nonprofit corporation under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, 15 PS §2851—1 et seq.

Plaintiff, a member of the association, was expelled from membership by vote of the board of directors. Claiming that his expulsion was illegal, this action in equity was instituted to compel his reinstatement.

### Findings of Fact

1. The Banner Food Stores Association is a nonprofit corporation duly chartered under the Nonprofit Corporation Law of May 5, 1933, P. L. 289.

2. Plaintiff, a retail food merchant, was admitted to membership in the association in the year 1947.

3. On February 9, 1955, the president of the asso-

ciation requested the legal committee of the association, consisting of the officers thereof, to look into charges and complaints concerning plaintiff's conduct as a member of the association.

4. On February 23, 1955, the board discussed and considered with said legal committee the complaints and charges and as a result, on February 28, 1955, notified plaintiff by mail that certain charges had been preferred against him and that on March 14, 1955, there would be a meeting of the board of directors of the association to consider the charges and also his expulsion or suspension from membership in the association. The charges made were specified and outlined in the above letter and constitute reasonable grounds for expulsion of an individual from an organization of such a nature, and doing such acts as outlined would be contrary to its interests.

5. On March 10, 1955, a meeting of the legal committee of the association was held at which time approximately 30 people were interviewed and their testimony taken concerning the charges against plaintiff. Plaintiff had no notice of this meeting and was not present. The legal committee reported to the board of directors the substance of the testimony given against plaintiff.

6. On March 14, 1955, the board of directors met, plaintiff appeared with three attorneys to represent him and also a court reporter to record the proceedings. The board of directors refused to permit plaintiff's lawyers or the reporter to attend the meeting but told plaintiff that he and his witnesses could enter the meeting and would be given every opportunity to be heard. Plaintiff refused to attend the meeting or to offer any testimony unless his attorneys were permitted to be present.

7. The meeting of March 14, 1955, was adjourned until March 23, 1955, in order to give plaintiff an op-

portunity to reconsider his refusal and to appear and be heard. Plaintiff received notice of this action.

8. On March 23, 1955, plaintiff failed to appear at the scheduled meeting and the board voted unanimously to expel plaintiff from membership in the association.

9. The charter of the corporation contains no provision in reference to expulsion of an individual from membership.

10. The bylaws of the corporation provided as follows: "The Board of Directors may after diligent examination by a majority vote for sufficient cause suspend a member and may also by a three-fourths vote and for proper cause, expel a member."

11. Plaintiff was given a fair and reasonable opportunity to appear and be heard. He made no request to hear the testimony of the witnesses, who testified in support of the charges against him and refused to offer any testimony on his own behalf.

### Discussion

Plaintiff contends that the action of the board of directors in expelling him from membership was illegal because no such power was expressly given in the corporate charter. It is urged that where the charter is silent on the subject of expulsion, the exercise of such power lies exclusively with the membership at large upon limited grounds despite any provisions in regard thereto in the bylaws. This contention we cannot sustain.

Fundamentally, the power of expulsion from a nonprofit corporation lies with the society at large, but the charter *or* the bylaws may legally transfer the right to a select few thereof. Nonprofit corporations may now, in our opinion, always adopt reasonable bylaws, unless restricted by their charter, declaring what shall constitute membership and what shall operate as a forfeiture thereof.

This is recognized by the Nonprofit Corporation Law, supra, sec. 608, which specifically states that: "Membership in a nonprofit corporation shall be terminated in the manner provided in the articles *or* by-laws."

The cases which held to the contrary all antedate the act and do not control. See also Savidge on Penna. Corps. (2nd Ed.) 284; 4 Am. Jur. 469; Fletcher on Corps., vol. 12A, p. 996, and 18 C. J. S. 1154.

Of course, the transfer of this power of expulsion from the body at large to a fraction of the membership to be effective must be stated in clear and unequivocal language.

Plaintiff further contends that the vote of expulsion was illegal because the process for such action prescribed by the Nonprofit Corporation Law, supra, was not followed.

This act provides: "No member shall be expelled from any nonprofit corporation without notice, trial and conviction, the form of which shall be prescribed by the articles or by-laws."

Under this statutory provision a member of a nonprofit association may not be expelled unless he is, after adequate notice, tried and convicted of charges deemed reasonably sufficient to warrant expulsion.

Whether the charges are reasonable and whether or not the proceedings were regular in the association's designated tribunal are legal questions for the court to determine but the merits of what has been decided by the association is not for our review.

It is our opinion that the charges were reasonably sufficient on their face to warrant action. They entailed, inter alia, an accusation that plaintiff had consistently undersold standard prices fixed by the association and widely spread derogatory remarks about the association and its officers. Certainly, such actions in themselves, if true, would be against the best in-

terests of the organization. Finally, as to the regularity of the proceedings we see no substantial defects. Plaintiff had ample notice of the proceedings and the charges made against him. He had reasonable opportunity to appear, present his side of the controversy and to demand that he hear his accusers. The opportunity of a hearing or trial he himself refused. There is nothing in the record to convince us that the matter was not fairly and fully considered. The fact that he was denied the opportunity of legal counsel is not in itself fatal. Trial procedure in an association of this nature need not be conducted under rules of law applicable to court trials nor under the scrutiny of a lawyer: Raynovic v. Vrlinic, 334 Pa. 529.

### Conclusions of Law

1. Under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 608, nonprofit corporations are given the power to provide in the bylaws for the expulsion from membership.

2. The power to expel from membership may be transferred from the body at large to the board of directors if the language giving such authority is clear and definite.

3. No member may be expelled from membership unless he is convicted after a fair trial of which he is given adequate notice and every reasonable opportunity to be present and offer testimony on his own behalf.

4. The charges upon which the expulsion is based must be sufficient and of such import to warrant such action and whether such is so is for the court to determine.

5. Whether or not the proceedings in which the expulsion is considered and occurs are regular and in compliance with the bylaws of the association and the law of the Commonwealth is for the court to determine.

6. In the present issue the charges preferred, if true, were sufficient to warrant expulsion and the proceedings were regular and legal.

7. Plaintiff is not entitled to equitable relief.

### Order

Therefore, May 2, 1956, the complaint is dismissed. This is a decree nisi to become final unless exceptions thereto are filed within 20 days.

### Dismissal of Exceptions

EAGEN, J., November 5, 1956.—The court is of one mind that the case was correctly decided by the chancellor.

Now, therefore, November 5, 1956, the exceptions to the findings of fact, conclusions of law and decree nisi were overruled and a final judgment in favor of defendants is entered herewith.